# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **HEATHER BROOKS, et al.,** | CASE NO. 3:19 CV 2866 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DOLLAR TREE STORES, INC.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court is Plaintiffs Heather and Thomas Brooks's Motion to Dismiss without prejudice pursuant to Federal Civil Rule 41(a)(2). (Doc. 29). Defendant Dollar Tree Stores, Inc. opposed (Doc. 31) and Plaintiffs replied (Doc. 33). For the following reasons, the Court denies the motion.

### BACKGROUND

Plaintiffs allege Heather Brooks was injured on November 24, 2017 when she stepped into a large hole in the parking lot of a Port Clinton, Ohio Dollar Tree store. *See* Doc. 1-1, at 5-6. They initiated this litigation in November 2019 and Defendant removed the following month. *See* Doc. 1.

A case management conference was first held in March 2020, with discovery initiated thereafter. *See* Doc. 13.

From March 2020 and continuing through July 2021, Dollar Tree was represented by counsel pursuant to an indemnity agreement. *See* Doc. 14 (notice of substitution); Doc. 31, at 3.

In January 2021, the parties agreed to participate in a settlement conference in June 2021, and the Court held other case management deadlines in abeyance. *See* Minute Order of Telephone Status Conference dated January 7, 2021. As the parties were preparing for that conference, the insurer tendered the case back to Dollar Tree's counsel. (Doc. 31, at 3). The settlement conference was cancelled and the parties agreed to set the matter for a private mediation.

Current defense counsel re-entered the case on July 7, 2021. (Docs. 23, 24). The parties later agreed to cancel the private mediation. *See* Doc. 27, at 2.

In a September 2021 joint status report, the parties indicated Defendant intended to move for summary judgment on the issue of liability. (Doc. 27, at 1). They therefore jointly proposed a case management schedule with separate discovery deadlines for liability and damages issues. *Id.* The Court adopted the proposed schedule, which included a December 31, 2021 deadline for liability discovery and a January 31, 2022 deadline for dispositive motions on liability. (Non-document order dated September 29, 2021).

At the same time as the September status report, the parties filed a Proposed Stipulation Regarding Non-Economic Damages and Existence of the Condition. (Doc. 27). The Court approved the stipulation (Doc. 28), in which the parties agreed: (1) Plaintiffs would not seek damages in excess of the Ohio statutory cap on non-economic damages, and (2) Defendant would not dispute that a pothole existed on the premises at the time of the incident, nor would it assert lack of knowledge of the pothole. *See* Doc. 28.

On December 6, 2021, Plaintiffs filed the currently-pending motion to dismiss. (Doc. 29). Defendant opposes (Doc. 31), and Plaintiffs reply (Doc. 33).

## STANDARD OF REVIEW

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). After service of an answer or summary judgment motion, and if no stipulation is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Given that the primary purpose of the rule is to protect the non-movant from unfair treatment, the Court must consider the prejudice to the non-moving party before determining whether dismissal is appropriate. *See id.* In making that determination, the Court may consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* However, there is "no requirement that each of [those] factors be resolved in favor of the moving party before dismissal is appropriate," as the "factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

## DISCUSSION

Plaintiffs contend the circumstances of this case have changed, necessitating dismissal. Their reasons are two-fold. First, they assert Plaintiff Heather Brooks's injuries are more complicated than previously believed, and will require further ongoing treatment and recovery time, making the current scheduling order untenable. And second, Plaintiffs contend these new

3

medical developments mean this case will "almost certainly involve a permanent injury" claim, such that the previously-entered stipulations "are no longer workable". (Doc. 29, at 5).

Defendant responds that Plaintiffs seek to gain an unfair advantage by dissolving the parties' prior stipulation, and in preventing Defendant the (current) opportunity to file an anticipated motion for summary judgment on liability. (Doc. 31). It further asserts dismissal will cause it to suffer prejudice in the form of evidence becoming unavailable and witnesses losing recollection of events that occurred now four years ago. It further asserts Plaintiffs' concerns regarding timing are not an adequate reason to dismiss the case.

The Court declines to dismiss the case. This case has been pending and ongoing for over two years and the parties agreed in September that they were approaching the end of liability discovery (jointly proposing a deadline of December 31, 2021). And although no summary judgment motion has been filed, Defendant has indicated an intent to do so and Plaintiffs have been on notice of Defendant's intention to do so since at least September. Further, the Court finds the discovery and delay issues possibly presented by Heather Brooks's need for ongoing treatment and recovery can be accounted for by the proposed bifurcated liability and damages discovery deadlines, and Defendant has represented that it is not opposed to further extension of the damages discovery deadline if the case continues past the liability phase and if Heather Brooks is still in ongoing treatment. *See* Doc. 31, at 10. To the extent Plaintiffs seek to set aside the terms of the prior agreed stipulation regarding damages, they may make such a challenge by separate motion in the instant case.

The Court therefore exercises its discretion under Rule 41(a)(2) and denies Plaintiff's motion to dismiss.

4

Case Management Deadlines

In a December 14, 2021 joint status report, the parties proposed updated case management deadlines "to account for the delay due to the Motion To Dismiss and briefing". (Doc. 30, at 1). The proposal included separating discovery and dispositive motions into two phases (liability and damages), with liability-phase deadlines set to dates certain, and damages-phase deadlines calculated from the date of the Court's future ruling on liability-phase dispositive motions. The liability phase deadlines added approximately four months to the case management schedule adopted in September. *Compare* Doc. 30 with Non-document Order dated September 29, 2021. The Motion to Dismiss has only been pending before the Court for six weeks. As such, the Court declines to adopt the parties' proposed deadlines and sets the following case management deadlines for the liability phase of the case:

> Discovery: **March 31, 2022**
>
> Dispositive Motions: **May 2, 2022** (Opposition: **June 1**; Reply: **June 15**).

The Court will set deadlines for the damages phase of this case, if necessary, after ruling on any dispositive motions related to liability.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion to Dismiss (Doc. 29) be, and the same hereby is, DENIED and it is

FURTHER ORDERED that the case management schedule is revised as set forth above.

 s/ *James R. Knepp II*  
 UNITED STATES DISTRICT JUDGE

5